

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,957-01

### EX PARTE MICHALE HERRING, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W12-60987-U (A) IN THE 291ST DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to murder and was sentenced to twenty-three years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that the State withheld exculpatory evidence from the defense and that his trial counsel rendered ineffective assistance, rendering Applicant's plea involuntary .

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court entered an order designating issues requiring the trial prosecutor and defense counsel to submit affidavits responding to Applicant's claims. However, the order designating issues was signed more than thirty-five days after the date upon which the State was served with a copy of the application, and was therefore untimely. The district clerk properly forwarded the application to this Court, but the issues raised in the application and designated by the trial court are still unresolved.

The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court shall also order the trial prosecutor to respond to Applicant's claim that the State withheld exculpatory evidence from the defense. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether the State withheld favorable material evidence from the defense. The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 25, 2015
Do not publish